902 F.2d 28
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dr. Jen-Shu HSIEH, Plaintiff-Appellant,
v.
Casper W. WEINBERGER, Secretary, Department of Defense,
Defendant-Appellee.
 No. 89-2083.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 8, 1990.
Decided April 13, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph H. Young, Senior District Judge. (CA-85-107-HAR, CA-87-1222)
 William Lee Bransford, NEILL, MULLENHOLZ & SHAW, Washington, D.C., argued, for appellant; Steven L. Murray, Neill, Mullenholz & Shaw, Washington, D.C., on brief.
 Peter M. Semel, Assistant United States Attorney, Baltimore, Md., for appellee.
 Breckinridge L. Willcox, United States Attorney, Baltimore, Maryland; David C. Rickard, Deputy General Counsel, DEFENSE NUCLEAR AGENCY, Washington, D.C., for Appellee.
 D.Md.
 AFFIRMED.
 Before PHILLIPS and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Dr. Jen-Shu Hsieh appeals a district court judgment which found that her employer, the Armed Forces Radiobiology Research Institute (AFRRI), had not engaged in unlawful employment practices. Dr. Hsieh, a naturalized Chinese woman and doctor of physics, claimed that AFRRI officials violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Secs. 2000e-16, 2000e-2(a)(1), and 2000e-3(a), when they discriminated against her because of her sex and national origin and in retaliation for complaints she filed with the Equal Employment Opportunity Commission. The alleged discrimination occurred between 1982 and 1987 when she was denied opportunities to attend conferences and conduct research in her field of expertise and was denied promotions. She also claims she was subjected to unfair evaluations, suspensions, and reassignments.
 
 
 2
 The district court found that there was "ample evidence" to support the poor evaluations of Dr. Hsieh and that the decision denying her promotion was "isolated from any consideration of race, sex, or prior complaints."
 
 
 3
 On appeal, Dr. Hsieh contends that the court failed to consider all the facts, and had it done so, it would have found that the clear weight of the evidence was in her favor.
 
 
 4
 The district court's finding that AFRRI did not discriminate against Dr. Hsieh is a factual finding which may be overturned on appeal only if it is clearly erroneous. Anderson v. Bessemer City, 470 U.S. 564, 566 (1985); Fed.R.Civ.P. 52(a). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).
 
 
 5
 In this case, the district court's findings were amply supported by the record. Furthermore, while, as Dr. Hsieh notes, the court did not address each instance of alleged discrimination, it did cite the record with sufficient particularity to support its findings, including its ultimate finding that AFRRI did not discriminate against Dr. Hsieh. See Golf City, Inc. v. Wilson Sporting Goods, Co., Inc., 555 F.2d 426, 433 (5th Cir.1977) (Rule 52(a) does not require courts to set out findings on every factual question raised in a case.).
 
 
 6
 We affirm for reasons adequately stated by the district court.
 
 AFFIRMED